CASPER J. RANKIN (SBN 249196)
ARNOLD L. GRAFF (SBN 269170)
PHILIP GILES (SBN 272582)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>DWAYNE MARLON GETRIDGE AND RHONDA LEIGH GETRIDGE,<br><br>Debtor. | Case No. 11-43346<br><br>Chapter 13<br><br>OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN<br><br>CONFIRMATION HEARING:<br>DATE: Off Calendar<br>TIME:<br>CTRM: |

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7 [1] (hereinafter "Creditor"), secured creditor of the above-entitled Debtors Dwayne Marlon Getridge and Rhonda Leigh Getridge (hereinafter "Debtors"), hereby objects to the Chapter 13 Plan filed by Debtors in the above-referenced matter. GMAC Mortgage, LLC acts as the servicing agent for Creditor. The basis of the objection is stated below:

/././

/././

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

-1-

# I.

# **STATEMENT OF FACTS**

1. On or about July 11, 2005, Co-Debtor Rhonda Leigh Getridge, for valuable consideration, made, executed and delivered to Finance America, LLC (hereinafter "Lender") a Promissory Note in the principal sum of $543,600.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

2. On or about July 11, 2005, Debtors made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 4800 Stacy St, Oakland, California 94605 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on July 19, 2005 in the official records of the Alameda County Recorder's office. A copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference.

3. Subsequently, Lender specially indorsed the Note to Impac Funding Corporation ("Impac"), and the Note was then indorsed-in-blank by Impac, converting the Note to bearer paper. Creditor is currently the lawful owner and possessor of the indorsed-in-blank Note.

3. Subsequently, Lender's beneficial interest in the Deed of Trust was also sold, assigned and transferred to Creditor.

4. On or about March 29, 2011, Debtors filed a Chapter 13 bankruptcy petition. Debtors' Chapter 13 Plan provides for payments to the Trustee in the sum of $686.00 per month for sixty (60) months. However, Debtors' Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears, but rather simply states that Debtors will surrender the Subject Property if a loan modification is not obtained within 6 months after confirmation of the Chapter 13 plan.

5. The pre-petition arrearage on Creditor's secured claim is in the sum of $38,722.26.

6. Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $645.37 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

/././

1 | Creditor now objects to the Chapter 13 Plan filed herein by Debtors.

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

### A. DEBTORS' PLAN DOES NOT PROVIDE CREDITOR WITH SUFFCIENT PROTECTION AGAINST UNREASONABLE DELAY

Debtors' Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears, but rather simply states that Debtors will surrender the Subject Property if a loan modification is not obtained within 6 months after confirmation of the Chapter 13 plan.

However, Debtors' Plan does not afford Creditor sufficient protection against unreasonable delay. First, it is unclear when confirmation of plan will take place, if ever. It could be six months to a year or more before the six-month period would even begin. Further, the applicable provision does not clearly indicate that Debtors currently have a loan modification application pending with Creditor. The Plan also does not impose on Debtors any obligation to attempt to modify the loan during the proposed six month period after confirmation. Finally, the applicable provision does not obligate Debtors to take any action should one or even multiple loan modification applications be denied by Creditor during the uncertain grace period. This would permit Debtors to continue not paying arrears long after Creditor has determined that Debtors do not qualify for a loan modification.

Therefore, to avoid unreasonable delay by Debtors against Creditor's interest in the Subject Property, Debtors' Plan should be amended to state that, within 14 days of Creditor's issuance of a denial letter for a currently pending loan modification application, Debtor will amend his Plan to either cure Creditor's pre-petition arrears or surrender the Subject Property.

/./.

/./.

/./.

/./.

**B. DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage in Debtors' Chapter 13 Plan is incorrect. The pre-petition arrears specified in the Chapter 13 Plan are $0.00, but the actual pre-petition arrears equal $38,722.26, based on Creditor's Proof of Claim. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**C. PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $645.37 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtors' Chapter 13 Plan be denied;

2. That Debtors' case be dismissed;

3. Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 60 months; and

4. Alternatively, that the Plan be amended to reflect that Creditor maintains a fully secured claim which is subject to an Adequate Protection Order requiring the Debtors to maintain current Plan payments to the Chapter 13 Trustee; and

5. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: May 11, 2011          PITE DUNCAN, LLP

/s/ ARNOLD L. GRAFF (CA SBN 269170)
Attorneys for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7